# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                       **Case No.  8:12-cv-2076-T-30EAJ**

**$40,000.00 IN U.S. CURRENCY,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff the United States of America's Motion to Strike Claim for Failing to Comply with Supplemental Rule G(5) (Dkt. 7).  The Claimant, Benny Bowden, II, failed to file a response to the instant motion and the time for doing so has passed.  Upon consideration of the motion, and being otherwise advised of the premises, the Court concludes that the motion should be granted.

## DISCUSSION

The United States filed this action seeking forfeiture of $40,000.00 in U.S. currency obtained through seizure from luggage at the Tampa International Airport (Dkt. 1).  Pursuant to Supplemental Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules"), Bennie Bowden, II filed a verified statement or right of interest to the $40,000.00 in U.S. currency simply stating that he is the lawful owner of the property and had possession of it at the time it was seized from his

person and belongings (Dkt. 6).  By the instant motion, the United States seeks to strike Bowden's claim for failure to comply with Supplemental Rule G(5) (Dkt. 7).

Supplemental Rule G(5) allows a person who asserts an interest in a defendant property in an *in rem* forfeiture action to contest the forfeiture by filing a claim in the court where the action is pending.  Supplemental Rule G(5)(a)(I); *see also* 18 U.S.C. § 983(a)(4).  To state a valid claim, the claim must: (1) identify the specific property claimed; (2) identify the claimant and state the claimant's interest in the property; (3) be signed by the claimant under the penalty of perjury; and (4) be served on the government attorney designated under Supplemental Rule G(4)(a)(ii) (C) or (b)(ii)(D).  Supplemental Rule G(5)(a)(I).  As it has done here, the United States may move at any time before trial to strike a claim or answer for failing to comply with Supplemental Rule G(5) or because the claimant lacks standing.  Supplemental Rule G(8)(c)(I).

The burden of establishing standing in forfeiture proceedings remains with the claimant.  *See U.S. v. $114,031.00 in U.S. Currency,* 284 Fed. App'x 754, 756 (11th Cir. 2008).  The requirement to identify the claimant's interest in the property is obligatory for a claimant to have standing to challenge an *in rem* claim in a forfeiture action.  *Id.*  In this instance, Bowden's blanket assertion that he is the owner of the property and had possession of it at the time it was seized does not sufficiently identify his interest in the property.  *See U.S. v. $100,348.00 in U.S. Currency,* 354 F.3d 1110, 1118-19 (9th Cir. 2004) (finding that the danger of false claims in forfeiture proceedings is substantial and therefore requiring courts to demand more than conclusory allegations of some purported "interest" in the forfeited property); *U.S. v. $39,557.00, More or Less, in U.S. Currency,* 683 F. Supp. 2d 335,

339-40 (D.N.J. 2010) (finding claimant's bald assertion of ownership of funds seized from a vehicle not sufficient to identify the claimant's interest in the currency); *U.S. v. $134,750 in U.S. Currency*, 2010 WL 1741359, at *3 (D. Md. Apr. 28, 2010) (finding that "the Claimant needs to state where and how he acquired the seized assets in which he asserts property interests . . . including, but not limited to, the person(s) from whom he received the currency, the date of receipt, the place of the receipt, and a description of the transaction which generated the currency.").

In sum, without more than a blanket assertion of ownership of the funds, the Court cannot ascertain whether Bowden has a viable claim to the funds and, accordingly, his claim is currently deficient. Notwithstanding, Bowden may file an amended claim to more specifically set forth his interests in the funds.

It is therefore ORDERED AND ADJUDGED that:

1. The United States of America's Motion to Strike Claim for Failing to Comply with Supplemental Rule G(5) (Dkt. 7) is GRANTED.

2. Bennie Bowden, II's Statement of Right or Interest (Dkt. 6) is STRICKEN, with leave to file an amended claim. Bowden shall have fourteen (14) days from the date of this Order to file an amended claim.

**DONE** and **ORDERED** in Tampa, Florida on November 7, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2076.mtstrike7.frm